1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT JOHN CRUZ,                              No. C 06-6405 MJJ (PR)

            Petitioner,                    **ORDER DENYING PETITION FOR
                                               A WRIT OF HABEAS CORPUS**

   v.

ROSEANNE CAMPBELL, Warden,

            Respondent.

_____ /

      Petitioner Robert John Cruz ("Petitioner" or "Cruz") is a California prisoner who filed

this petition for a writ of habeas corpus pursuant to 20 U.S.C. § 2254[1]. This Court ordered

respondent to show cause why the petition should not be granted based on Petitioner's

cognizable claims. Respondent filed an answer accompanied by a memorandum and exhibits

contending that the petition should be denied. Petitioner did not file a traverse. For the

following reasons, the Court **DENIES** Petitioner's writ of habeas corpus.

**PROCEDURAL BACKGROUND**

      On November 19, 2003, Petitioner pled guilty to simple possession of methamphetamine

in violation of the California Health and Safety Code § 11377. (CT 48.) Since Petitioner had

been convicted of three prior strike felonies, on March 17, 2003, he was sentenced to 25 years to

life under the Three Strikes Law. (CT 210-12.) On April 28, 2005, the California Court of

Appeal affirmed the Superior Court's judgment with modified custody credits. On July 13,

2005, the California Supreme Court denied Petitioner's petition for review.

--------

[1]Docket Number 1.

**FACTUAL BACKGROUND**

At approximately 4:00 A.M. on January 15, 2003 in San Jose, a neighborhood security guard reported suspicious activity, so he called the police. (CT 5.) The guard said that he saw "some people" park in a vacant lot and enter a house across the street. (CT 5.) When Officers Kyono and Murphy arrived, the security guard pointed out two people, Petitioner and another person, exiting the house across the street. (CT 5-6.) When Petitioner saw the security guard and police officers, he returned to a porch on the side of the house from which he had just left and reached down. (CT 5-7, 22-23.) Officer Kyono drove up to Petitioner and his companion and stopped them. (CT 7.) On Officer Kyono's instructions, Officer Murphy checked the porch and found two plastic bags of white powder which resembled methamphetamine, in Officer Murphy's opinion, and a digital gram scale. (CT 7-8.) Neither Petitioner or his companion claimed the powder or the scale. (CT 23-25, 31.) However, at the processing center, the substance tested positive as methamphetamine in a useable quantity and Petitioner's blood test also showed methamphetamine use. (CT 23-25, 31.) After these preliminary test results came back, Officer Kyono booked Petitioner and his companion. (CT 9.)

**LEGAL STANDARD**

This Court may consider a petition for a writ of habeas corpus submitted by an individual in custody pursuant to a state court judgment only if the custody violates the United States Constitution, laws, or treaties. 28 U.S.C. § 2254(a) (2005); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court, however, may not grant a petition challenging a state conviction or sentence unless the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1) (2005); *Williams v. Taylor*, 529 U.S. 362, 402-403 (2000). Further, without a showing of fundamental unfairness, "a state court's misapplication of its own sentencing laws does not justify federal habeas relief." *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994).

A state court decision is "contrary to" federal law if it directly contravenes a Supreme Court decision on a question of law, or if it reaches a conclusion that contradicts a Supreme Court decision with materially indistinguishable facts. *Id.* at 413. A state court decision involves an "unreasonable application" of federal law if it "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 412-13.

The two issues now before the Court are: (1) whether the trial court judge unfairly denied Petitioner *Romero* relief, and (2) whether Petitioner's sentence is cruel and unusual punishment in violation of the 8th Amendment.

**DISCUSSION**

**A.      The Trial Court Did Not Unfairly Deny *Romero* Relief**.

The first issue before the Court is whether the trial court judge unfairly denied Petitioner *Romero* relief when he refused to dismiss two or more of Petitioner's prior convictions. Petitioner argues that the trial court judge had an obligation to take Petitioner's background into account during the sentencing phase, and that the judge improperly focused solely on Petitioner's history within the criminal justice system. According to Respondent, Petitioner incorrectly inferred that since the trial court judge did not rule based on any sympathy factor, he did not consider Petitioner's background during the sentencing phase. Respondent also relies on the Court of Appeals decision, which found that the trial court judge did not abuse his discretion when sentencing Petitioner.

In the above-referenced case, *People v. Superior Court (Romero)*, the California Supreme Court affirmed the rule that a sentencing judge has the discretion to dismiss prior convictions during the sentencing stage, though the trial court judge's discretion with regard to a *Romero* motion is limited. 13 Cal. 4th 497, 530 (1996). In *People v. Williams*, the California Supreme Court held that the defendant fell within the scope of California's Three Strikes law with only one prior violent conviction when the defendant was 13 years old. 17 Cal. 4th 148, 162-164

1    (1998).  Additionally, federal courts must defer to the state court's interpretation of state

2    sentencing laws.  *Bueno v. Hallahan*, 988 F.2d 86, 88 (9th Cir. 1993).

3         In this case, when Petitioner entered his guilty plea, he stated that he understood the

4    consequences if he were denied *Romero* relief, and entered the plea without promises of any

5    sentence under 25 years to life regardless.  (RT 5-7.)  During the hearing on March 17, 2004, the

6    state court denied Petitioner's motion for *Romero* relief, drew its conclusions from Petitioner's

7    "history in the criminal justice system," and not on his personal or family history.  (RT 54.)

8    Further, the state court trial judge stated that he could not consider Petitioner's background in

9    making his decision.  (RT 54.)  The trial court judge acknowledged that a "sympathy factor"

10   existed.  (RT 55.)  However, based upon the following reasons, the trial judge did not err when

11   ruling on the motion.  (RT 55.)  Petitioner has five prior violent felony convictions, one as a

12   juvenile, and has committed more than 15 misdemeanors over 30 years.  Petitioner's prior

13   offenses included several violent felonies and occurred over a greater period of time than in

14   *Williams*, so, in comparison, Petitioner falls within the scope of the Three Strikes law.  Further,

15   given the context provided by *Williams*, there is no showing of fundamental unfairness, so the

16   "state court's misapplication of its own sentencing laws does not justify federal habeas relief."

17   *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1989).  Petitioner has failed to demonstrate that

18   his sentence is fundamentally unfair to support his petition for a writ of habeas corpus.

19        In this case, the trial judge had discretion to completely or partially dismiss the charges

20   on grounds of sympathy for Petitioner.  *People v. Sanders*, 145 Cal. App. 3d 218, 225 (1983).

21   Petitioner argues that, during the penalty phase of a capital case, a defendant has the right to

22   have the court consider any "sympathy factor" the defendant may raise, and the trial court denied

23   him that right.  *People v. Robertson*, 33 Cal.3d 21, 57-58 (1982).  Petitioner also contends that

24   the trial court judge inappropriately failed to account for Petitioner's personal background.   In

25   *Eddings v. Oklahoma*, the Supreme Court found that a trial court judge may not "refuse to

26   consider, *as a matter of law*, any relevant mitigating evidence."  455 U.S. 104, 114 (1982)

27

28                                                    4

1    [emphasis in original].  Here, however, the trial judge never stated that he did not consider

2    Petitioner's personal history, only that, given the totality of the circumstances, Petitioner "fell

3    within the purview of the [T]hree [S]trikes law" and the trial court judge chose to sentence

4    Petitioner based on his history in the criminal justice system.  (RT 54.)  Therefore, the trial court

5    judge's actions were correct and within the scope of *Eddings*.  455 U.S. at 113-14.

6          For the foregoing reasons, the Court **DENIES** Cruz's petition for a writ of habeas corpus.

7    The Court now turns to the second issue raised by Petitioner.

8    **B.**     **The Trial Court's Sentence of 25 Years To Life Is Not Cruel And Unusual**

9            **Punishment In Violation Of The 8th Amendment.**

10         The second issue is whether Petitioner's sentence of 25 years to life is cruel and unusual

11   punishment in violation of the 8th Amendment.  Petitioner contends that his sentence is

12   disproportionate to his crime of simple possession of methamphetamine.  Respondent argues

13   that, given the broad discretion granted to state courts with regard to sentencing, the state trial

14   court's sentence was not unconstitutionally disproportionate.

15         Regarding claims of cruel and unusual punishment, "outside the context of capital

16   punishment, successful challenges to the proportionality of particular sentences will be

17   exceedingly rare."  *Solem v. Helm*, 463 U.S. 277, 289-290 (1983).  Further, the Supreme Court

18   has a longstanding "tradition of deferring to state legislatures in making and implementing such

19   important policy decisions" as recidivist statutes, like the California Three Strikes law.  *Ewing v.*

20   *California*, 538 U.S. 11, 24 (2003).  The state has discretion regarding application of a recidivist

21   statute in any individual case.  *Rummell v. Estelle*, 445 U.S. 263, 284-285 (1980).

22         Here, Petitioner contends that the Supreme Court decision in *Ewing* did not fully support

23   the Three Strikes law, however, Petitioner does not provide sufficient evidence to establish that

24   the state court did not support its application in that case.  The facts of Petitioner's case are

25   similar to those in *Ewing* since, in both instances, the trial court judge applied the Three Strikes

26   law to a repeat offender with four prior violent felony convictions.  The Supreme Court upheld

27

28                      5

the defendant's sentence in *Ewing*, providing evidence that the trial court judge's sentence was not unconstitutionally disproportionate.

The Supreme Court reiterated its deference to state legislatures with regard to sentencing in *Rummell*, stating that "for crimes concededly classified and classifiable as felonies . . . as punishable by significant terms of imprisonment in a state penitentiary, the length of the sentence actually imposed is purely a matter of legislative prerogative." *Rummell v. Estelle*, 445 U.S. at 274 (1980).  Given Petitioner's history of violent felonies and the failure of previous incarcerations to deter his criminal behavior, as the Court of Appeal noted, Petitioner falls within the intended scope of the California Three Strikes law.  Given the degree of deference due to the state legislature and the fact that this is a non-capital case, the proportionality review is very narrow.  Within the context of this case, a sentence of 25 years to life is not "so disproportionate . . . that it shocks the conscience and offends fundamental notions of human dignity." *In re Lynch*, 8 Cal.3d 410, 424 (1972).  For these reasons, the Court **DENIES** Petitioner's claim of cruel and unusual punishment.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** this petition for a writ of habeas.  The clerk shall close the file and terminate all pending motions.

**IT IS SO ORDERED.**

Dated: August _4_, 2007

_____
MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE