IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JOHN CRUZ, | No. C06-6405 MJJ |
| Petitioner, | **ORDER GRANTING PETITIONER'S APPLICATION FOR CERTIFICATE OF APPEALABILITY** |
| v. | |
| ROSEANNE CAMPBELL, Warden, | |
| Respondent. | |

Before the Court is Petitioner Robert John Cruz's Application for a Certificate of Appealability ("COA") pursuant to 28 U.S.C. § 2253.

Pursuant to 28 U.S.C. § 2253, a Petitioner is required to obtain a COA from the district court prior to filing an appeal. A court may issue a COA when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The "substantial showing" may be satisfied where the petitioner demonstrates "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483-84 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893-94 (1983)).

In the instant case, Petitioner contends that a COA should issue as to each of the two issues presented in the habeas petition: (1) whether Petitioner was deprived of his due process rights when

the state court trial judge failed to consider Petitioner's background, character, and prospects when considering Petitioner's request for *Romero* relief; and (2) whether the prison term of 25 years to life, imposed under California's Three Strikes Law, violated the Eighth Amendment proscription against cruel and unusual punishment, as applied to Petitioner. Upon review, the Court finds that Petitioner has met the requirements for obtaining a COA and **GRANTS** Petitioner's request as to both issues.

The Clerk shall forward this order along with the case file to the United States Court of Appeals for the Ninth Circuit. *See United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).

**IT IS SO ORDERED.**

Dated: April 3, 2008

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE